## William T. Lenoir and another *v.* J. Kain and others.

A bond for a certain sum, with a condition that it shall be void, on the delivery by the obligors of a particular note, is a contract the principal obligation of which is the payment of the sum which it acknowledges to be due, subject to a resolutive condition, to wit: the surrender of the note.

This case was tried before the Parish Court of the parish of New Orleans, *Maurian,* J. The plaintiffs, forming the commercial house of Lenoir & Barnes, sue for the use of C. Alling & Co. They allege that having executed a note payable to the order of William Kain & Co., they were induced by the latter and the defendants, J. Kain & Stroud, and Duvivier & Woodlief, to pay the amount without a delivery of the note itself, on receiving from William Kain & Co., and the defendants, a bond payable in ninety days for a sum somewhat exceeding the amount paid, the condition of which provided that it should be void on the delivery of the original note of Lenoir & Barnes to their agents. They further aver that the note was never given up, either to themselves or to their agents; that at the time it was paid by them, it had been negotiated before maturity, which was unknown to them; that they have since been obliged ' to settle for and take up said note, in the hands of third persons, annexing it for reference;' and have in vain demanded payment of the bond of the defendants. The defendants answered by a general denial; Kain & Stroud further denying the authority of McCormick, who signed the bond as their agent, and Duvivier & Woodlief affirming that they only signed as securities of Kain & Stroud, and claiming to be discharged in case it should be decided that the latter were not bound.

*Hoffman,* for the plaintiffs.

*T. Slidell,* for the appellants.

BULLARD, J.  This is an action against the defendants, as principals and sureties on a bond, by which they engaged to pay to Taylor, Gardiner & Co., as the agents of the plaintiffs, the sum of $2950 51. The condition upon which the payment was made to depend, as expressed on the face of the bond, was, that the obligors furnish and deliver over to the said Taylor, Gardiner & Co., a promissory note drawn by Lenoir & Barnes, payable to the order of Kain & Co., for $2753, which was duly protested. ' On the delivery of the said note to Taylor, Gardiner & Co. (says the bond), this obligation is to be surrendered, and to become void, otherwise to remain in full force and virtue.'

The defendants, Kain & Stroud, answered by denying the allegations in the petition, and especially that McCormick, who appears to have signed the bond as their agent, had any authority to do so. The sureties joined in this defence. The case was tried by a jury, and judgment having been pronounced upon their verdict for the plaintiffs, the defendants, Duvivier & Woodlief, have appealed.

This defence is clearly not sustained by the evidence. It is shown that the agent had authority to act; and indeed the only ground of defence disclosed by the pleadings, has not been insisted upon in argument.

But it is contended, that the plaintiffs have not shown enough to entitle them to recover; that the bond is not one for the payment of a sum of money, but substantially of indemnity to secure the plaintiffs against such damages as they may sustain by the non-delivery of the note mentioned in the bond, and that in effect it is so regarded by the plaintiffs themselves, who allege, in their petition, that they have since been obliged to settle for and take up their note in the hands of third persons, and that they have put the obligors in default by a demand in writing.

The bond sued on admits an existing indebtedness, and the obligors bind themselves to pay the amount thus admitted to be due, unless they produce and surrender to the plaintiffs a certain note. It appears to us that the principal obligation of the contract is the payment of the sum acknowledged to be due, subject to a resolutive condition, to wit: the surrender to the plaintiffs of their note. The consideration of the promise is expressed on the face of the bond, nor is it affected by an averment in the petition as to the origin or

nature of that consideration, especially when all the evidence in the record tends to show that it is true. The defendants cannot avoid the effect of that admission, we think, without showing that it was made in error, or that something has since occurred to discharge them.

But even admitting, that substantially the obligation of the defendants was to indemnify the plaintiffs, the measure of the indemnity would be the same, to wit, the amount of the note, which the defendants were bound to give up, and which is now produced by the plaintiffs themselves.

*Judgment affirmed.*